UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AHMAD HAMID,

       Plaintiff,

vs.

AIRCRAFT SERVICE INTERNATIONAL, INC.,

       Defendant.
_____/

Civil Action No.
08-CV-10973

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND AND DENYING PLAINTIFF'S REQUEST FOR COSTS

This matter is presently before the Court on Plaintiff's Motion for Remand [docket entry 7]. Plaintiff also seeks costs associated with the filing of his Motion for Remand. This matter has been fully briefed, and the Court has had an opportunity to thoroughly examine the pleadings, motion papers, and evidence submitted by the parties. Pursuant to E.D. Mich. LR 7.1(e)(2), the Court will decide this motion without oral argument. For the reasons stated below, the Court finds that Defendant's removal was procedurally improper, and will therefore remand this matter to state court pursuant to 28 U.S.C. § 1447(c).

I. **INTRODUCTION**

This is a state law negligence action arising out of injuries allegedly sustained by Plaintiff, an employee of Northwest Airlines, when he fell to the ground after the left front tire of the airport vehicle he was driving—known as a "tug"—fell off. This case was originally filed in Wayne County Circuit Court on October 25, 2007. In his Complaint, Plaintiff requested an

1

unspecified amount of damages against Defendant "in whatever amount above $25,000 the Plaintiff is found to be entitled, together with interest, costs, and attorney fees." (Pl.'s Compl. at 5.)[1] Defendant was served with the Summons and Complaint on October 30, 2007. More than four months later, on March 6, 2008, Defendant removed the case to this Court. Plaintiff filed his Motion for Remand on March 19, 2008, arguing that Defendant's removal is procedurally improper because Defendant filed its Petition for Removal[2] more than 30 days after it was served with process. *See* 28 U.S.C. § 1446(b). Plaintiff also contends that Defendant's Petition for Removal is "clearly frivolous," and asks the Court to award costs associated with the filing of his Motion for Remand.

Defendant, on the other hand, contends that removal is procedurally proper because the 30-day removal period did not commence until it ascertained via Plaintiff's discovery responses that Plaintiff was seeking damages in excess of $75,000, the amount in controversy requirement for diversity jurisdiction. According to Defendant, the 30-day removal period began running on February 11, 2008, when it received Plaintiff's discovery responses, and not on October 30, 2007, when it was served. Because Defendant filed its Petition for Removal within 30 days of February 11, 2008, Defendant argues that its removal is timely under § 1446(b).

II. **PLAINTIFF'S MOTION FOR REMAND**

---

[1] In cases such as this one where the damages sought are not a sum certain, Michigan Court Rule 2.111(B)(2) prohibits the pleader from stating a specific amount of damages and requires that the pleader "include allegations that show that the claim is within the jurisdiction of the court." Circuit courts in Michigan have general jurisdiction over all matters "not prohibited by law," *see* MICH. CONST. 1963, art. VI, § 13, and district courts have exclusive jurisdiction over civil matters where the amount in controversy does not exceed $25,000, *see* MICH. COMP. LAWS § 600.8301(1). Therefore, Plaintiff properly alleged an unspecified amount of damages over $25,000, as necessary to both comply with Michigan Court Rule 2.111(B) and invoke the jurisdiction of the circuit court.

[2] The Court notes that the former "petition for removal" is now called a "notice of removal." *See* 28 U.S.C. § 1446(a).

2

A civil case filed in state court may be removed to federal court if it could have been brought in federal court originally. *See* 28 U.S.C. § 1441(a). A federal court has diversity jurisdiction under 28 U.S.C. § 1332 "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states . . ." In the the Sixth Circuit, where the damages sought by a plaintiff in the state court action are unspecified, as they are here, a defendant seeking to remove the case on the basis of diversity jurisdiction has the burden of proving, by a preponderance of evidence, that the plaintiff's claims satisfy the amount in controversy requirement. *See Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993).

Moreover, a defendant wishing to remove a civil action from state court to federal court is statutorily obligated to file the notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." 28 U.S.C. § 1446(b) ¶ 1. However, the second paragraph of § 1446(b) provides an exception, sometimes called the "revival exception," to this 30-day deadline:

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . .

*Id*. at ¶ 2. "The strict time requirement for removal in civil cases is not jurisdictional; rather, 'it is a strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness defect has not been waived.'" *Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993) (footnote omitted) (quoting *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982)). "Further, '[a]ll doubts as to the propriety of removal are resolved in favor of remand.'" *Smith v. Nationwide Prop.*

*and Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007) (quoting cases).

Federal courts have recognized that "[d]etermining whether grounds for removal are present is complicated where . . . state rules prohibit plaintiffs from specifying an amount of damages in the pleadings." *McCraw v. Lyons*, 863 F. Supp. 430 (W.D. Ky. 1994). In *McCraw*, for example, the court acknowledged that

> [s]uch state rules create a quandary for defense counsel. If the defense petitions for removal promptly, it runs some risk of allowing the plaintiff to assert an amount just less than the . . . amount-in-controversy requirement in order to remain in state court. On the other hand, if the defense waits and uses discovery to ascertain the plaintiff's demand, it risks waiving the right to remove after the expiration of the thirty-day time limit.

*Id.* at 433 (footnote omitted). In the present case, Defendant chose to delay removal and use discovery to ascertain Plaintiff's demand. Consequently, Defendant missed the initial 30-day deadline.

"When a defendant has missed the thirty-day deadline imposed by § 1446(b) and asserts that he is entitled to an extension, the relevant question becomes whether the defendant could have removed the case within the time limit. *Id.* at 434 (citing cases). "In other words, even where the amount of damages is not specified, if the defendant is able to ascertain from a fair reading of the complaint or other papers filed that the minimum jurisdictional amount exists, he cannot 'sit idly by' while the statutory period runs." *Id.* (quoting *Keller v. Carr*, 534 F. Supp. 100, 102-103 (W.D. Ark. 1981)). *See also Green v. Clark Refining*, 972 F. Supp. 423, 424-425 (E.D. Mich. 1997) (quoting *McCraw* extensively, with approval); 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3732, p. 318 (3d ed. 1998) (recognizing that "when any . . . paper is interposed revealing a ground for removal to federal court that was previously palpable or ascertainable but was not invoked by the defendant," the period for

4

removal will not be revived).

In the present case, Defendant argues that Plaintiff's Complaint provided it with inadequate notice from which it could ascertain that the amount in controversy exceeds $75,000. According to Defendant, it first ascertained that this matter was removable on February 11, 2008, when it received Plaintiff's discovery admission that "the damages sought . . . in this litigation are in excess of $75,000.00." (*See* Pet. for Removal at Ex. A, Request for Admission No. 12.) Because Defendant filed its Petition for Removal within 30 days of receiving this admission, Defendant maintains that its Petition is timely under § 1446(b).

Plaintiff, on the other hand, argues that the revival exception is applicable in two—and in only two—situations: where the parties are not statutorily diverse at the time of the initial pleading, but later become diverse due to dismissal of non-diverse parties; or when a plaintiff expressly pleads damages of $75,000 or less, and the damages are later found to exceed $75,000. According to Plaintiff, because the present case fits within neither scenario, the extended deadline is inapplicable. Additionally, Plaintiff disagrees with Defendant's contention that the Complaint provided inadequate notice that the amount in controversy exceeded $75,000. Plaintiff believes that "it is reasonable to conclude that a case involving [the types of injuries described in the Complaint] is more likely to have damages exceeding $75,000." (Mot. for Remand at 5.)

Although the Court disagrees with Plaintiff's understanding regarding the limited circumstances under which the revival exception may become operative, it agrees that Defendant should have ascertained that the damages stemming from the injuries alleged would more likely than not exceed $75,000. Under the circumstances of this particular case, Defendant was not entitled to rely on the extended deadline provision contained in the second paragraph of § 1446(b). Rather, for

5

the reasons explained below, Defendant was required to remove this matter within 30 days of October 30, 2007, the date it was served with the Summons and Complaint. Because it failed to do so, the Court will grant Plaintiff's Motion for Remand.

Defendant could have removed this case within 30 days of receiving the Summons and Complaint. In his Complaint, Plaintiff made the following allegations regarding his injuries and the extent thereof:

> 7. When the left front tire of the subject Tug fell off, [Plaintiff] fell to the ground causing serious and significant injuries to his right knee and back.
>
> * * * *
>
> 14. As a direct result of the Defendant's negligence, . . . Plaintiff . . . was caused to sustain the following severe and permanent personal injuries, including, but not limited to:
>
>     a. Internal derangement of right knee, intrasubstance cleavage tear of the medial meniscus, posterior tibial tendonosis, Grade II chondral fissuring along the lateral femoral side of the petellofemoral joint, back injuries, as well as multiple contusions, bruises and abrasions about the body, causing extreme pain and suffering, mental anxiety, mental anguish, humiliation and embarrassment.
>
> 15. As a direct result of the Defendant's negligence, . . . Plaintiff . . . had to be hospitalized and did receive medications, medical and nursing care, underwent two surgical procedures, underwent physical therapy, all in an effort to cure and alleviate the injuries and attending pain and suffering.
>
> 16. All of these injuries may prove to be of a permanent nature, except those of a superficial nature, therefore the Plaintiff may sustain future expenses for hospitalizations, medications, nursing, medical care, and treatment.
>
> 17. This incident may or could aggravate physical and mental conditions not presently known to Plaintiff, which could be permanent.

18. Prior to this incident, Plaintiff enjoyed good health and was able to enjoy the recreational and social activities which are normal for a person of his age group; however, the injuries sustained in this incident have caused a permanent cessation of these pleasures, and in the future his participation may be limited to [sic] the permanency of his injuries.

19. Plaintiff has suffered lost wages, lost earning capacity, and has incurred medical bills, therapy expenses, and other out of pocket expenses as a result of the injuries incurred due to the Defendant's negligence.

(Pl.'s Compl. at ¶¶ 7, 14-19.)

Given the ostensibly "severe" and "permanent" nature of Plaintiff's alleged injuries, his hospitalization, nursing care, two surgical procedures, physical therapy, cessation of life's pleasures, lost wages, and lost earning capacity, the Court finds Defendant's argument that it "had no basis for believing that the damages sought exceeded $75,000 upon being served with the Complaint in [sic] October 30, 2007" to be disingenuous. (*See* Def.'s Resp. at 6.) The Court acknowledges, as Defendant points out, that the two surgeries claimed by Plaintiff are "unidentified," the future damages alleged "speculative," and the lost wage claim "based on an unstated period of absence from work." (Def.'s Resp. at 5-6.) Even so, considering the severity and possible permanency of the damages sought, together with the seemingly extensive medical care necessitated, a fair reading of the complaint should have alerted Defendant that the minimum jurisdictional amount of $75,000 exists in this case. If Defendant had filed his Petition for Removal within 30 days of receiving the Summons and Complaint, it need only have established that Plaintiff "would more likely than not recover more than the jurisdictional amount, assuming the failure of Defendant's affirmative defenses." *See McCraw*, 863 F. Supp. at 434 (citing *Garza v. Bettcher Indus., Inc.*, 752 F. Supp. 753, 763 (E.D. Mich. 1990)). Given the damages claimed in Plaintiff's

Complaint, Defendant would have had little trouble meeting this "moderate" burden. *See id.*

Moreover, other courts have remanded in like circumstances. The *McCraw* case, discussed above, is one such example. Plaintiff in *McCraw* filed an action in state court alleging various state law tort claims against defendant, including assault, battery, harassment, and outrageous conduct. *See* 863 F. Supp. at 431. Plaintiff requested an unspecified amount of damages "to compensate for physical injury, medical expenses, mental suffering, and emotional distress as well as punitive damages and costs." *See id.* at 431-432, 434. Defendant did not remove the case within 30 days of receiving the complaint, instead opting to wait until after receiving plaintiff's interrogatory responses. *See id.* at 432. Realizing upon receiving plaintiff's interrogatory answers that the value of his claims exceeded the jurisdictional threshold and that diversity jurisdiction was proper, defendant removed the case to federal court, arguing that its removal was timely because the notice of removal was filed within 30 days of receiving plaintiff's interrogatory answers. *See id.* Plaintiff disagreed, contending that the complaint provided adequate notice that the amount in controversy exceeded the minimum amount required for diversity jurisdiction. *See id.*

The court remanded, finding that the nature of plaintiff's claims and the relief demanded "should have alerted Defendant that Plaintiff was seeking an amount in excess of the [amount] required to attain federal court jurisdiction." *Id.* at 434. The *McCraw* court also noted that limiting defendant's time to move for removal to 30 days after receipt of the complaint was appropriate because defendant had adequate proof from which he could have established by a preponderance of the evidence that plaintiff's claims exceeded the amount in controversy requirement. *See id.* at 434-435.

*McCraw* is strikingly analogous to the present case. The *McCraw* court held that

8

defendant should have ascertained that the value of plaintiff's claims exceeded the jurisdictional amount when plaintiff claimed damages "to compensate for physical injury, medical expenses, mental suffering, and emotional distress as well as punitive damages and costs." *See id.* at 431-432, 434. Though not identical, the damages alleged by Plaintiff in the present case are similar to those sought by the plaintiff in *McCraw*.[3] All in all, the Court believes that the injuries claimed by Plaintiff in the present case are as serious as, or more serious than, the injuries claimed by plaintiff in *McCraw*, and therefore finds that Defendant in the present case, like the defendant in *McCraw*, could have—and should have—removed within the initial 30-day time limit. Accordingly, the Court must remand this matter to state court.[4]

---

[3] While Plaintiff in the present case does not seek punitive damages, for example, he does seek other damages not claimed by the plaintiff in *McCraw* (i.e., lost wages, possible aggravation of physical and mental conditions previously unknown, lost earning capacity, and loss of life's pleasures).

[4] Defendant relies on the *Green* case in support of its position that its removal was proper. However, *Green* does not help Defendant. *Green* involved the same question as the one currently before the Court: when does it become ascertainable that the damages sought by plaintiff exceed the amount in controversy requirement—thereby triggering the 30-day deadline for removal—where the amount of damages sought by plaintiff in the complaint is unspecified? The court in *Green* held that the 30-day clock started on May 27, 1997, the day defendants received two separate documents, plaintiff's responses to defendants' request for admissions and plaintiff's second amended complaint. In plaintiff's responses to defendants' request for admissions, plaintiff denied that the matter in controversy "does not exceed Seventy Five Thousand Dollars ($75,000.00) exclusive of interests and costs." *See id.* at 425. Plaintiff's second amended complaint contained the following recitation of alleged damages suffered:

> serious and grievous injuries to [plaintiff's] person and body, including but not limited to: fracture of the left ankle, severe injuries to tendons and ligaments, and other injuries to [plaintiff's] leg, foot and ankle. Said injuries have caused and will continue to cause ... severe and excruciating pain and suffering, discomfort and mental anguish, and may result in permanent and recurring episodes of pain, physical restriction, and physical and mental suffering.... Plaintiff has sustained tremendous pain and suffering, disability, scaring [sic], and mental suffering and has incurred great financial expenses with respect to medical care and

Finally, remand is necessary because, under the circumstances surrounding this particular case, the alternative would frustrate Congressional intent. According to the Seventh Circuit,

> [t]he purpose of the 30-day limitation [for removal] is twofold: to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system; and to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court.

*Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982). Before Defendant removed this matter to this Court, the case had been pending in state court for 133 days, by the Court's calculation. In that time, the state court heard and disposed of motions, held a status conference, and set dates concerning discovery, case evaluation, and the settlement conference. Therefore, denial of Plaintiff's Motion for Remand would result in a waste of the state court's resources. Moreover, although there is no evidence in the record that Defendant had adopted a "wait and see" approach in order to gain a tactical advantage over Plaintiff, the Court is unable to rule out the possibility given that the state court docket reflects case activity over the course of

---

> treatment, hospital care, pharmaceutical and like services, and those expenses will in all likelihood continue in the future.... Plaintiff incurred a loss of earning capacity and loss wages ...

*Id*. The court held that these two documents (i.e., plaintiff's response to defendants' request for admissions and plaintiff's second amended complaint), taken together, should have alerted defendants that plaintiff was seeking in excess of the amount in controversy requirement. The *Green* opinion contains insufficient information from which this Court can determine with certainty whether defendants' receipt of one document or the other, alone, would have been sufficient to trigger the 30-day removal clock. In any case, however, Defendant in the present case fails to explain how the *Green* case demonstrates, as Defendant urges, that the injuries alleged in Plaintiff's Complaint are insufficient to apprise it that the damages sought by Plaintiff exceed the jurisdictional amount.

the 103 days between the expiration of the initial 30-day deadline and the date in which Defendant removed the case. For all of these reasons, the Court must remand this matter to Wayne County Circuit Court.

III. **PLAINTIFF'S REQUEST FOR COSTS**

Plaintiff seeks costs incurred in connection with the filing of his Motion for Remand. Section 1447(c) broadly authorizes the Court to award costs and attorney fees in the event that a case is remanded: "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The United States Supreme Court has shed light on when costs and expenses may properly be awarded. In *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139-141 (2005), the Court recognized that this determination would have important implications on a party's decision to seek removal. On the one hand, "[i]f fee shifting were automatic, defendants might choose to exercise this right only in cases where the right to remove [is] obvious." *Id*. at 140. On the other hand,

> [t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff.

*Id*. Indeed, the Court noted that the test must strike a delicate balance:

> [t]he appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Id*. Therefore, the Court held that a district court may, in its discretion, award costs and expenses "where the removing party lacked an objectively reasonable basis for seeking removal." *Id*. at 139-

11

141.

Plaintiff characterizes Defendant's Petition for Removal as "clearly frivolous." (*See* Mot. for Remand at 6.) The Court disagrees. The Court believes that Defendant had an objectively reasonable basis for seeking removal in this case. Furthermore, there is no evidence that Defendant's decision to remove this matter was motivated by a desire to prolong this litigation or impose added costs on the other parties. Therefore, the Court will deny Plaintiff's request for costs. Accordingly,

IT IS ORDERED that Plaintiff's Motion for Remand [docket entry 7] is granted. This matter is remanded to the Circuit Court for the County of Wayne, State of Michigan, pursuant to 28 U.S.C. § 1447(c).

IT IS FURTHER ORDERED that Plaintiff's request for costs is denied.

s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: April 9, 2008_____
     Detroit, Michigan

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

s/Carol Mullins
Case Manager to Chief Judge Friedman